787 So.2d 355 (2001)
Pat JOHNSON, Plaintiff-Appellant,
v.
Vern A. BRELAND, Defendant-Appellee.
No. 34,554-CA.
Court of Appeal of Louisiana, Second Circuit.
April 4, 2001.
Carl D. Walker, Monroe, Counsel for Appellant.
Wilson Rambo, Counsel for Appellee.
Before PEATROSS, KOSTELKA & DREW, JJ.
DREW, J.
Plaintiff, Pat Johnson, filed a petition for declaratory judgment to determine defendant *356 Vern Breland's eligibility to hold office, alleging that Breland was in violation of La. R.S. 42:61, et seq., by holding the elected office of chief of police in one political subdivision and a full-time position as deputy marshal in another political subdivision. For the following reasons, we affirm the district court's judgment holding the matter moot.

FACTS
At a hearing on the matter, the parties entered a joint stipulation of the following facts: (i) Breland was elected to the office of chief of police for the City of Sterlington, a political subdivision, on October 3, 1998, and was sworn into office on December 31, 1998; (ii) Breland was a full-time deputy city marshal for the City of Monroe, a political subdivision, on the date he was elected and on the date he was sworn into office; (iii) On December 1, 1999, Breland's position as deputy city marshal for the City of Monroe became part-time, which means he will work less than 35 hours per week in that capacity.
The district court held that the matter was moot since Breland was no longer holding a full-time position with the City of Monroe at the time of the hearing and thus could no longer be in violation of La. R.S. 42:63(D).

DISCUSSION
La. R.S. 42:63(D) provides, in pertinent part,
No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. (Emphasis added.)
The position of deputy marshal is an appointive position. See La. R.S. 13:2081.1, which permits the marshal of the City Court of Monroe to appoint one or more deputy marshals on the approval of the city judge. See also La. R.S. 13:1881 and 42:62(2). "Full time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work. La. R.S. 42:62(4).
Although Breland was no longer allegedly in violation of La. R.S. 42:63(D) at the time of the hearing, Johnson argues that the case is not moot because the "voluntary cessation" exception applies. This exception allows the court to retain jurisdiction when the defendant has voluntarily ceased the allegedly illegal activity but could recommence that activity at any time. Cat's Meow, Inc. v. City of New Orleans Through Dept. of Finance, 98-0601 (La.10/20/98), 720 So.2d 1186. In order to defeat this exception, the defendant must show with assurance that there is no reasonable expectation that the alleged violation will recur. Id.
The district court determined that Breland was not in violation of La. R.S. 42:63(D) at the time of the hearing and found the matter was moot. The evidence supports this finding. On review, this court finds no abuse of the trial court's discretion. The trial court noted in a footnote to its reasons for judgment that Breland's counsel stipulated that Breland would not again seek full-time status. Therefore, Breland has sufficiently demonstrated that there is no reasonable expectation that his allegedly illegal conduct will recur. Of course, this defense to the voluntary cessation exception would itself be moot if Breland in the future returned to full-time status as a deputy marshal. While there is no certainty that Breland will not return to full-time status, based upon his attorney's stipulation, there is no *357 reasonable expectation that the allegedly illegal conduct will recur.
For the above reasons, the decision of the trial court is affirmed at appellant's costs.

DECREE
At appellant's costs, the judgment is AFFIRMED.