4 So.3d 823 (2008)
Charles C. FOTI, Jr., Attorney General for the State of Louisiana
v.
Sarah HOLLIDAY.
No. 2008 CA 0055.
Court of Appeal of Louisiana, First Circuit.
November 18, 2008.
Rehearing Denied December 15, 2008.
*824 James D. "Buddy" Caldwell, Attorney General, David A. Young, Assistant Attorney General, Baton Rouge, LA, for Plaintiff-Appellee, Office of Attorney General State of Louisiana.
Ronald R. Johnson, Baton Rouge, LA, for Defendant-Appellant, Sarah Holliday.
Before CARTER, C.J., PARRO, KUHN, McDONALD, and WELCH, JJ.
PARRO, J.
The defendant appeals from a trial court judgment that declared she had violated Louisiana's Dual Officeholding and Dual Employment Law and ordered her to reimburse her former employer for salary and related benefits paid to her during the period of dual employment. For the following reasons, we reverse.

Factual and Procedural Background
On May 13, 1999, Sarah Holliday (Holliday) began working with the Nineteenth Judicial District Court for the Parish of East Baton Rouge (19th JDC) on a full-time basis as the judicial assistant/deputy clerk for a specific district court judge. While working for the 19th JDC, Holliday began working on a full-time basis on October 17, 2005, with the United States Small Business Administration, Disaster Assistance Office, Field Operations Center-West (SBA). Until she resigned from her position with the 19th JDC on February 15, 2006, Holliday worked for both of these separate and distinct governmental/public entities.
On March 31, 2006, the attorney general for the state of Louisiana (state) filed suit against Holliday seeking a judgment declaring that she had violated Louisiana's Dual Officeholding and Dual Employment Law (DODEL), LSA-R.S. 42:61 et seq. Based on a declaration of such a violation, the state also sought to have Holliday ordered to reimburse the 19th JDC for the salary and related benefits that she had received from the 19th JDC from November 2005, through February 15, 2006, which totaled $16,158.50. In response, Holliday filed an exception raising the objection of no cause of action, as well as an answer. In her pleadings, Holliday urged that LSA-R.S. 42:65(A) only authorizes suit to be filed against a person alleged to be currently holding incompatible employments prohibited by the DODEL. Because Holliday had resigned from her position with the 19th JDC before the state filed this action, she argued that the state did not have a cause of action against her under LSA-R.S. 42:65. Although a hearing was held on the exception, the trial court deferred ruling on the exception until after a trial on the merits of the petition for declaratory judgment.
After a hearing, the trial court overruled Holliday's exception, declared that Holliday had violated LSA-R.S. 42:63(A)(1) by simultaneously holding employment positions with two distinct state and federal branches of government, and ordered that Holliday reimburse the 19th JDC pursuant to LSA-R.S. 42:65(C) for salary and related benefits totaling $16,158.60. Holliday filed a motion for new trial that was denied by the trial court after a hearing.
Holliday appealed, contending that the trial court legally erred in finding that the *825 state's action was not moot, overruling her exception, finding that her position with the 19th JDC was not an appointive office, finding that her public jobs by their very particular nature conflicted with the duties and interests of each other and were adverse to the public interest, and finding that the state had proven a violation of LSA-R.S. 42:63(A)(1).

Discussion
It is essential to the maintenance of a democratic society that public officials and employees perform the public business in a manner which serves to promote and maintain in the general citizenry a high level of confidence and trust in public officials, public employees, and governmental decisions. LSA-R.S. 42:61(A). The attainment of this end is impaired when a public official or employee holds two or more public offices or public jobs which by their particular nature conflict with the duties and interests of each other. Id. The attainment of a high level of confidence and trust by the general citizenry in public officials, employees, and governmental decisions is further impaired by the excessive accumulation of governmental power which may result from public officials or employees holding two or more public offices or public jobs. Id. The purpose of the DODEL is to implement a policy which will serve to maintain a high level of trust and confidence by the general citizenry in public officials, employees, and governmental decisions of the government of this state and of its political subdivisions by defining and regulating dual employment and by defining, regulating, and prohibiting dual officeholding. LSA-R.S. 42:61(B).
Concerning the civil remedy and penalty for violating the DODEL, LSA-R.S. 42:65 provides:
A. The attorney general, a district attorney, or any citizen of the state of Louisiana may by summary process petition for a declaratory judgment against a person alleged to be holding incompatible offices or employments or holding a combination of offices or employments prohibited in this Part. Venue for the suit for a declaratory judgment shall be at the domicile of the defendant who is employed or at the official domicile of any office held by the defendant.
B. If the court declares that the person is holding offices or employments in violation of this Part, the court shall declare the office with the term first to expire or one of the employments vacant and shall enjoin the person from further carrying out the duties of that office or employment; however, a person holding an elective office shall continue to serve and perform the duties of that office until his successor has qualified.
C. The court may order the reimbursement to the appropriate governmental body of all pay or other compensation and all allowances, including all allowances and payments for travel and other expenses which have been received by the official or employee in the position vacated as provided in Subsection B hereof, during a period of time not to exceed six months preceding the filing of suit for declaratory judgment. If, however, the person against whom a declaratory judgment is rendered has obtained an opinion of the attorney general issued prior to the filing of the suit for a declaratory judgment stating that the combination of offices or employments are not incompatible, and are not in violation of this Part, the court shall comply with Subsection B of this Section; however, the person against whom the declaratory judgment was rendered shall not be required to return any portion of the compensation or allowances received by him *826 prior to the date on which the declaratory judgment becomes final. Whenever any person requests an opinion of the attorney general concerning the offices or employments covered hereby, he shall at the same time provide to the attorney general information describing each of the employments or offices concerning which he requests the opinion, the number of hours worked or normally expected to be worked by him per each day of work for each of such employments or offices, the number of hours worked by him per week for such employments or offices, and shall thereafter furnish any other information the attorney general deems necessary for the issuance of the opinion. [Emphasis added.]
Based on the language in Subsection A, Holliday urged that her resignation from the 19th JDC prior to the filing of this suit precluded the attorney general from commencing proceedings under this statute, as she was no longer "holding" both of the positions in question. She urged that in the absence of an order to vacate pursuant to LSA-R.S. 42:65(B), the court is powerless to order reimbursement pursuant to LSA-R.S. 42:65(C). Based on a literal reading of this statute, we agree.
Because of her February 15, 2006 resignation, any cause of action the state may have had under LSA-R.S. 42:65(B) to have Holliday ordered to vacate her employment with the 19th JDC and to enjoin her from further carrying out the duties of that employment no longer existed when suit was filed on March 31, 2006. Subsection C of this statute only authorizes the court to order reimbursement with respect to the allowances and payments for travel and other expenses which have been received by the official or employee in the position vacated as provided in Subsection B. Having failed to allege that Holliday was holding incompatible offices or employments or holding a combination of offices or employments prohibited by the DODEL at the time suit was filed,[1] we conclude that the state failed to state a cause of action against Holliday under any of the provisions of LSA-R.S. 42:65.

Decree
For the foregoing reasons, the judgment of the trial court is reversed. Costs of this appeal in the amount of $1,422.23 are assessed to the Office of the Attorney General for the State of Louisiana.
REVERSED.
KUHN, J., concurs and assigns reasons.
CARTER C.J., and McDonald, J., dissent and assign reason.
KUHN, J., concurring.
Because as a strict constructionist, I believe the role of the judiciary is to apply the laws as written by the legislature, I reluctantly concur in the result reached by the majority.
As the majority correctly points out, La. R.S. 42:65 A allows the attorney general to "petition for a declaratory judgment against a person alleged to be holding incompatible ... employments or holding a combination of employments prohibited by [the Dual Officeholding and Dual Employment Law]." Nothing in the plain language of the statute addresses itself to the situation presently before us where the alleged dual employment occurred prior to the filing of a petition by the attorney general. Because the plain language of the statute requires that the defendant "be holding" incompatible employments or *827 "holding" a combination of employments at the time the attorney general petitions for declaratory relief, it is inapplicable to this defendant. See La. C.C. art. 9 (When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature). I note that limiting the causes of action that the attorney general may pursue to instances where the defendant is presently employed (or serving office) does not lead to an absurd consequence because it does not foil the express purpose of the law, which is to implement a policy that will serve to maintain a high level of trust and confidence by the general citizenry in the employees of this state by defining and regulating dual employment. See La. R.S. 42:61 B. If an individual is no longer engaged in dual employment, the breach of trust has been eliminated.
Because the reimbursement set forth in Subsection C is dependent on a finding that defendant "is holding" employments in violation of the Dual Officeholding and Dual Employment Law, if the intent of the legislature is to allow the appropriate governmental body to recover all pay or other compensation and all allowances which have been received by an employee who has resigned prior to institution of a suit against him under La. R.S. 42:65, it should alter the language of the statute to so permit. Accordingly, under the plain language of La. R.S. 42:65, I am constrained to concur.
CARTER, C.J., dissenting.
I respectfully disagree with the opinion of the majority because I am of the opinion that La. R.S. 42:65 C provides a claim for reimbursement to the appropriate governmental body of all pay, compensation, and allowances improperly received by an employee prior to the employee vacating a position that is proven to be in violation of the Dual Officeholding and Dual Employment Law. The fact that Holliday resigned from her position with the Nineteenth Judicial District Court less than two months prior to the present suit being filed does not deprive the governmental body of the right to reimbursement of funds illegally received under La. R.S. 42:65. For these reasons, I would affirm the decision of the district court.
Therefore, for the above and foregoing reasons, I respectfully dissent.
McDONALD, J., dissenting:
With all due respect to the majority, I find their opinion to result in a strained interpretation of the meaning of this statute. While I favor a "strict construction" of statutes and believe the function of the judiciary is to interpret legislative pronouncement rather than create language and meaning where none exists, I believe the decision by the majority labors at an interpretation of the statute that is at least awkward. Even though their holding attempts to set limits on a resignation to a time period prior to suit being filed. I believe it could also be applicable to someone who resigns from a dual office after suit is filed, but prior to a trial of the matter and could be equally applicable to someone who resigned after a trial, but prior to a court decision.
The defendant relies on Johnson v. Breland, 787 So.2d 355 (La.App. 2 Cir. 4/4/01) to support her thesis that when one of the two offices is vacated, the court lacks jurisdiction over the case and the issue is moot. I believe the trial court was correct that Breland is distinguishable. In Breland there was no claim for reimbursement. When one office had been vacated, the only issue before the court was resolved. In this case there is still a claim for reimbursement. It is dependent upon a finding of holding dual offices. The trial found *828 that the case was not moot and 1 agree. The defendant argues that reimbursement can only be ordered if there is a court order to vacate one of the positions in accordance with LSA-R.S. 42:65(B). The majority agrees with this argument and finds that the court is powerless to order reimbursement pursuant to § C unless there is an order to vacate under § B. In addition to the illogical result in this case, such an interpretation can result in an even more absurd result if a defendant should resign after suit is filed, but prior to or even during the trial. It would be an incongruous result to find that reimbursement could not be ordered. Certainly, an order by the court to vacate one position would be moot, but I cannot subscribe to the theory that this would preclude a claim for reimbursement. The court could still enjoin the office holder from holding the vacated office if the court felt it needed to do so. However, the voluntary resignation from one position prior to a finding by the court cannot be a bar to recovery of compensation and allowances received by the employee while holding the now vacated position. Allowing the employee to manipulate the system by resigning prior to a court ruling would be a grave injustice.
For these reasons, I respectfully dissent.
NOTES
[1] Notably, we find no error in the trial court's finding that Holliday was in violation of LSA-R.S. 42:63(A) of the DODEL while she was employed on a full-time basis simultaneously by the judicial branch of the state of Louisiana and the United States government.