McDONALD, J.,
dissenting:
| (With all due respect to the majority, I find their opinion to result in a strained interpretation of the meaning of this statute. While I favor a “strict construction” of statutes and believe the function of the judiciary is to interpret legislative pronouncement rather than create language and meaning where none exists, I believe the decision by the majority labors at an interpretation of the statute that is at least awkward. Even though their holding attempts to set limits on a resignation to a time period prior to suit being filed. I believe it could also be applicable to someone who resigns from a dual office after suit is filed, but prior to a trial of the matter and could be equally applicable to someone who resigned after a trial, but prior to a court decision.
The defendant relies on Johnson v. Breland, 787 So.2d 355 (La.App. 2 Cir. 4/4/01) to support her thesis that when one of the two offices is vacated, the court lacks jurisdiction over the case and the issue is moot. I believe the trial court was correct that Breland is distinguishable. In Breland there was no claim for reimbursement. When one office had been vacated, the only issue before the court was resolved. In this case there is still a claim for reimbursement. It is dependent upon a finding of holding dual offices. The trial found *828 that the case was not moot and 1 agree. The defendant argues that reimbursement can only be ordered if there |2is a court order to vacate one of the positions in accordance with LSA-R.S. 42:65(B). The majority agrees with this argument and finds that the court is powerless to order reimbursement pursuant to § C unless there is an order to vacate under § B. In addition to the illogical result in this case, such an interpretation can result in an even more absurd result if a defendant should resign after suit is filed, but prior to or even during the trial. It would be an incongruous 2‘esult to find that reimbursement could not be ordered. Certainly, an order by the court to vacate one position would be moot, but I cannot subscribe to the theory that this would preclude a claim for reimbursement. The court could still enjoin the office holder from holding the vacated office if the court felt it needed to do so. However, the voluntary resignation from one position prior to a finding by the court cannot be a bar to recovery of compensation and allowances received by the employee while holding the now vacated position. Allowing the employee to manipulate the system by resigning prior to a court ruling would be a grave injustice.
For these reasons, I respectfully dissent.